OPINION OF THE COURT
Bernard F. McCaffrey, J.
It is difficult to conceive of any more important function that a court is charged with than that of matters involving allegations of child physical and/or sexual abuse.
The cardinal rule in all custody and visitation matters is a *583 court determination based upon the best interests of the child. Therefore, it is inconceivable to deprive the court of an essential meaningful complete timely probation report. There is no question but that one of the most difficult assignments a court can have is that of a disputed custody matter involving an underlying issue of child sexual and/or physical abuse.
It is, therefore, shocking and potentially dangerous that, as a result of a change in the interpretation of the long-standing rules, Probation Departments throughout the entire State of New York are now denied any access to criminal history information of the parties in custody matters, and to a restricted and cumbersome procedure in adoption matters.
The court notes that following a meeting of various New York State agencies during January 1989, involving officials of the Division of Criminal Justice Services (DCJS), Division of State Police (DSP), Office of Court Administration (OCA), as well as the Division of Probation and Correctional Alternatives (DPCA), the Probation Departments were advised that they would no longer be permitted to access criminal history information for custody and adoption matters via the computerized NYSPIN.
This distressing turn of events came to the attention of the court following a memorandum dated January 30, 1989 to the probation directors throughout the entire State from the counsel to the New York State Division of Probation and Correctional Alternatives. The memorandum sets forth a restricted procedure relating to adoption matters where the court is placed in the untenable position of designating the Probation Department as the agent of the court. This cumbersome procedure restricts probation to a convoluted means of criminal investigative inquiry only by United States mail to the DCJS, and the reply by United States mail and not via NYSPIN; notwithstanding statutory and court rules requiring adoption investigations to be completed within 30 days.
The situation relating to custody matters is even more ludicrous. Since January 30, 1989, the Probation Departments may no longer access criminal history information under any circumstances in custody cases. The only alternative is the outrageous and unacceptable proposed procedure that the onus should be placed upon the court in each and every instance to issue court-ordered subpoenas directed to the DCJS to produce the report directly to. the court. Thus, the clear inference of this proposed procedure amongst the various *584 agencies would be that this report should be for the eyes of the court only, and not probation. However, even if the procedure would allow for the court to make it available to probation, it would be a protracted and ineffective procedure which would undermine the effectiveness of the probation report, and impede their statutory obligation to conduct a full and complete probation investigation. Furthermore, it is not a proper function of the court to, in effect, become part of the investigative process and, in so doing, to even create the possible perception that the court is acting unfairly or prejudicial to either of the parties.
Apparently the Probation Department exhausted their persuasive efforts to resolve this dilemma by making further requests through the Division of State Police, as well as the Department of Justice in Washington, D.C., all to no avail. Thus, on February 8, 1989, a directive was issued by the Nassau County Probation Department that, inasmuch as they were being denied necessary access to criminal history of the parties via NYSPIN, their staff was directed not to make recommendations to the court in custody cases.
Thus, it has been almost three months since probation has been denied NYSPIN access to criminal history of the parties in these matters though it is understandable that time is necessary to arrive at changes of policy and procedure between agencies, it must be noted that when it comes to court determinations relating to allegations of sexual and/or physical abuse against vulnerable defenseless children, time is of the essence. Thus, it is imperative that the court no longer be deprived of timely and comprehensive probation reports and recommendations along with all the support material and available relevant criminal history record information.
The court notes that Nassau County is fortunate to have outstanding Probation and Forensic Divisions. Nevertheless, because of various factors, such as recent additional noncustody assignments, and an ever-increasing number of probation investigations involving alleged sexual abuse, the time required for the submission of a completed probation and forensic report has increased from a previous average of six to eight weeks to a now undesirable time of as long as 12 weeks. It is obvious that in the best interests of the children and the parties not only should this time be shortened, but any further extensions caused by this illogical and unconscionable directive will cause havoc and place vulnerable children in jeopardy. Further, denying probation access to criminal his *585 tory of the parties via NYSPIN is bound to cause further delays in the submission of properly completed probation and forensic reports to the court, with potentially serious consequences to children of the marriage.
The court has not been made aware of any statutory prohibition which would preclude the Probation Department from access to NYSPIN for purposes of obtaining this vitally necessary information. Rather, to the contrary, there has been a long-established recognized policy and procedure for directly furnishing this necessary information to probation. At best, the current dilemma appears to be initiated by some officials in DCJS and/or DSP arriving at an arbitrary determination that by continuing to allow access to probation via NYSPIN might infringe upon the use and dissemination agreement amongst the member States. There is no indication that the Probation Departments of any other member States outside New York have been denied access to this data. Furthermore, it would be shocking if the Probation Departments of all member States were also to be denied access to criminal history information of parties in such matters as those involving alleged sexual and/or physical abuse of children. It should matter not that a custody matter is civil in form, what really should matter is that the underlying allegations of sexual and/or physical abuse are not only criminal in nature, but the denial of access of this vital data by one State agency to another may be the cause of subjecting an innocent child to sexual and/or physical child abuse.
In any event, this concern could be alleviated if, as in this instance, the court by its order determines that obtaining the criminal history information is necessary, or the Probation Department sets forth a statement that it is necessary to obtain such criminal history information data in order to properly conduct its investigation and submit its report and recommendation to the court. Thus, though most custody matters would require the obtaining of this criminal information data, such a procedure should resolve any concerns of DCJS and DSP as to any inappropriate use of NYSPIN and also assist the NYSP in conducting their periodic audits as to the appropriate use of NYSPIN.
This court alone is charged with the awesome responsibility of determining what is in the best interests of the child, and it is unconscionable to deprive the court of a complete report and recommendation of the Probation Department, including the criminal history information of the parties.
*586 The fact that in adoption proceedings the criminal history record information can be made available to probation as a result of an agreement between OCA and DCJS, and that in custody matters such data can be made available to the court by way of court-ordered subpoenas, clearly establishes that the furnishing of this information is necessary and proper, and there is no rational basis for this data not being made available directly to Probation Departments, other than a recent illogical interpretation of the access rules.
Thus, under the current interpretation of the rules, access to criminal history information can be made available in a shoplifting offense while denied in matters alleging current, past and possibly future child sexual and/or physical abuse.
Furthermore, the court notes that a violation of an order of protection can result in imprisonment and, though brought in a civil proceeding, the underlying acts of sexual and/or physical abuse of children and domestic and nondomestic violence, as well as drug abuse, are all criminal in nature.
This court now has before it a custody matter involving an interim issue of visitation. The husband seeks immediate unsupervised visitation, on an overnight basis. The mother vehemently opposes the application for unsupervised visitation, contending that there has been sexual abuse by the father, and that a report of a child psychologist will support these allegations.
This matter cries out for an immediate revision of the access rules to criminal history information based upon the spirit, rather than the letter of the rule.
Therefore, upon the court’s own motion, the directives of the Division of Criminal Justice Services and the Division of State Police to the Nassau County Department of Probation and Correctional Alternatives denying access to the Probation Department in custody matters of criminal history of the parties via NYSPIN is vacated where, as herein the court by its accompanying order directing a probation investigation finds that such criminal information data is necessary, or the Probation Department finds that the access to the criminal history information of the parties is necessary in order to comply with their duty to fully investigate and submit a report and recommendation to the court.
The court believes matters are best resolved when agencies can resolve their differences by mutual accord. Thus, the court stays the effectiveness of this court’s order for 15 days from *587 service of said order by the Nassau County Probation Department on the Division of Criminal Justice Services, and the Division of State Police.
The stay will be vacated at that time, unless the concerned agencies have adopted a procedure consistent with this decision.